## RENAUD *a.* CONSELYEA.

*Supreme Court, Second District; General Term, May,* 1858.

### MORTGAGE FORECLOSURE.—EVIDENCE.

In a foreclosure action, the complaint alleged that the mortgage was executed and delivered to one P., that he was since deceased, and that his wife, having been qualified as his executrix, had duly assigned the same to the plaintiff; that it was owned and held by him by virtue of the assignment. The answer denied that the mortgage was owned by the plaintiff, by virtue of the assignment, or that he was the lawful owner of it. On the trial the plaintiff produced a mortgage in which the mortgagee was named as "P., acting administrator of the estate of D."

*Held,* That evidence on behalf of the defendants to show that the mortgage was taken to secure a debt due to the estate of D., and therefore that the executrix had no title to it, was admissible.

The decision in this case (5 *Ante,* 346) reconsidered and reversed.

Reargument of appeal from decision of the special term.

This was a foreclosure action tried at special term, and judgment ordered for plaintiff. The facts are stated in our report of that decision (4 *Ante,* 280). On appeal, it was affirmed (5 *Ante,* 346). Subsequently the court, on motion, ordered a reargument of the appeal.

*James Maurice,* for the appellants.

*Luther R. Marsh,* for the respondents.

BY THE COURT.—S. B. STRONG, P. J.—The mortgage which the plaintiff seeks to foreclose in this action was given to Charles Paget, " acting administrator of John Devoe, deceased." The addition to the name of the mortgagee may have been designed as descriptive of his person, or of the character in which he took, and was to hold, the security. When this case was formerly before us, we concluded that the phraseology of the mortgage, without any explanatory evidence, indicated the person of the mortgagee, but we thought that it might have been shown, at any rate by the infant defendants, that the security had been taken in behalf of the estate of Devoe. Proof to that effect would not have contradicted the mortgage, but would have applied the words used literally, and not as they have been gen-

erally construed. The cases have gone quite as far as they should go, in deciding that such descriptions are indicative of the person rather than of the character in which he may have acted. I should feel inclined to restrict, certainly not to extend the rule, more especially as its application has often defeated rather than sustained the intention of the parties.

The plaintiff avers in his complaint that the mortgage has been duly assigned to him by the executrix of the will of Paget, and that it is owned and held by him by virtue of the assignment, and that he is now the lawful owner and holder of such mortgage. The adult defendants in their answer deny that the mortgage is owned by the plaintiff by virtue of the assignment mentioned in the complaint, or that he is now the lawful owner of it. The answer of the infant defendants controverts and denies the plaintiff's title, and alleges that the mortgage was given to Paget as the administrator of Devoe's estate, and that the moneys embraced in, and secured by the mortgage, were part of the assets of such estate. The answers clearly put in issue the plaintiff's title to the mortgage.

The plaintiff, in order to establish such title, produced in evidence a mortgage to Paget, naming him as administrator, and an assignment from his executrix.

The defendants then offered to prove that the debt secured by the mortgage was in fact due to the estate of Devoe, in order to raise the inference that the addition to the name of Paget was descriptive of the character in which he took the security, and not merely of his individuality. If there had been nothing in the mortgage indicating that it might have been taken in behalf of the estate, it might have been necessary for any defendant, who designed to raise the objection that it had been so taken, to state it explicitly in his answer. But it seems to me that the equivocal language of the mortgage would sanction the admission of the proposed evidence as explanatory of that which had been introduced by the plaintiff. That point was not, I think, sufficiently considered when this case was formerly before us.

I do not agree with the learned judge who tried this action, that evidence to prove that the security was in fact taken for a debt due to the estate of Devoe was immaterial. It might have been so within the cases, if Paget had been living and the suit had been instituted by him. In such suit it would have been

Renaud *a.* Conselyea.

immaterial in what capacity he had taken the mortgage. It seems to be settled, that an executor or administrator may maintain a suit in his own name on a contract made with him in his representative character. But upon the death of an administrator (and by a late statute, of an executor), his title or right as such does not pass to his executors. If the mortgage in this case was taken by Paget as an administrator, and for the estate which he represented, it did not pass to his executrix, and her assignment to the plaintiff was a nullity. Neither do I agree with the learned judge that a recovery of the money due on the mortgage by one having no title, would protect the heirs of the deceased mortgagor from the claim of the true owner, who had not been made a party to the suit. The mere possession of the mortgage by a wrongful claimant, or any act by him to enforce it, could not have affected the rights of the actual owner. The testimony which was excluded, would, if it had been retained and duly considered, have tended to show that the mortgage was given to secure a debt due to the estate of Devoe. It appeared from the inventory which was taken by Paget, and verified by his oath, that when it was taken, the mortgagor was indebted to that estate in the sum of one thousand three hundred and sixty-seven dollars and fifty-seven cents. That was reduced by receipts signed, and a due-bill taken by Paget, to one thousand dollars, the amount specified in the mortgage. The due-bill was dated on the same day, and that and the receipts named Paget as the acting administrator of the estate of Devoe. It is probably true that the plaintiff as assignee could not have been affected by the naked declarations of the assignor previous to the assignment. But taking the inventory, and giving receipts, and taking the due-bill, were all acts marking the character of the transaction. Those acts could be legitimately proved, and when established they would affect the rights of any one claiming under the mortgage. The proof was not of declarations of what had been done, but of the acts themselves. Whether the evidence would, if it had been received, have led to and induced the conclusion that the mortgage belonged to the estate of Devoe, it is not necessary to inquire. As it was competent and material, its rejection calls for a new trial.

The judgment at the special term must be reversed, and there must be a new trial. Costs to abide the event of the suit.